UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

CIVIL ACTION NO. 5:10-CV-44-KKC

PROGRESSIVE DIRECT INSURANCE COMPANY,                          PLAINTIFF

v.                          **OPINION AND ORDER**

KEILEY HARRISON and
PATSEY A. HURLEY, *Individually and
in her capacity as Administratrix of the Estate of
Archie Hurley*                          DEFENDANTS

**** **** **** ****

This matter is before the Court on the Motion to Dismiss or Remand (DE 5) filed by the Defendant Patsey A. Hurley. For the following reasons, the motion will be denied.

I.      FACTS.

On or about April 25, 2009, Keiley Harrison was driving a pickup truck when she was in a wreck with a vehicle driven by Archie Hurley and occupied by Patsey Hurley. Archie Hurley died as a result of the wreck. Patsey Hurley, acting individually and as the administratrix of Archie Hurley's estate, has filed a civil suit against Harrison in Kentucky state court alleging that Harrison's acts caused Archie Hurley's death. The Plaintiff Progressive Direct Insurance Company ("Progressive") alleges that, prior to the wreck, Harrison obtained insurance on the pickup truck from Progressive.

Progressive filed a Complaint for Declaratory Relief (DE 1) in this Court, naming as Defendants Harrison and Patsey A. Hurley, individually and in her capacity as Administratrix of the Estate of Archie Hurley. In its Complaint in this matter, Progressive charges that Harrison made misrepresentations in her application for insurance to Progressive and, therefore, the policy

is void.

Progressive asks the Court for a declaration that the policy is void and that Progressive's insurance coverage is limited to the statutory minimum of $25,000 per claim/$50,000 for the accident. Alternatively, Progressive asks for a declaration that Harrison is not an "insured person" under the policy and, thus, Progressive is not required to provide any coverage at all. It further asks for a judgment that Harrison must pay Progressive back for any amounts it has paid to any person or entity for claims arising out of the accident.

Patsey Hurley moves to dismiss or remand this action. However, this action was initially filed in this Court. Further, in her motion, Patsey Hurley requests only that the Court dismiss this action, not that it remand it. Accordingly, to the extent that Patsey Hurley asks the Court to remand this action to state court, that portion of the motion must be denied.

**II.     ANALYSIS.**

In her motion to dismiss, Patsey Hurley argues that the Court should decline jurisdiction over this action under the Declaratory Judgment Act, 28 U.S.C. § 2201.

In deciding whether to exercise its discretionary jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201, this Court should consider the following factors:

(1)     whether the declaratory action would settle the controversy;

(2)     whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue;

(3)     whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata;"

(4)     whether the use of a declaratory action would increase friction between our federal

2

and state courts and improperly encroach on state jurisdiction; and

(5)     whether there is an alternative remedy which is better or more effective.

*Aetna Casualty & Surety Co. v. Sunshine Corp.*, 74 F.3d 685, 687 (6th Cir. 1996).

This declaratory judgment action would settle the issues in controversy in this litigation: whether the Progressive policy is void and whether Harrison is an "insured person" under the policy. There is no evidence in the record that these issues are being litigated in the state court action. Rather, the Court assumes that the state court action involves the issues of whether Harrison is liable for Archie Hurley's death and, if so, the amount of damages. Progressive is not a party to that suit. Instead, it simply issued the insurance policy covering the pickup truck driven by Harrison. Thus, the facts relevant to and decided in the state court action will not be relevant to this action.

Further, the declaratory judgment would serve a useful purpose in clarifying Progressive's obligations to Harrison. "Indeed, a declaratory judgment action is an appropriate avenue to determine whether an insurer has a duty to defend or indemnify an insured." *TIG Insurance Co. v. Merryland Childcare and Development Center,* Inc., 2005 WL 1923115 at * 2 (W.D. Tenn. 2005) (quoting *NGK Metals Corp. v. National Union Fire Ins. Co.*, 2005 WL 1115925, at *2 (E.D. Tenn. 2005).

This action is not merely being used as a "race to res judicata" or for "procedural fencing." Again, this action will not resolve any of the legal issues in the state court action.

In determining the fourth factor, the Court is to consider "1) whether the underlying factual issues are important to an informed resolution of the case; 2) whether the state trial court is in a better position to evaluate the factual issues than is the federal court; and 3) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory action." *Northland Ins. Co.*

*v. Steward Title Guar. Co.,* 327 F.3d 448, 454 (6th Cir. 2003)(citation omitted). Again, this Court is aware of no factual issues raised in the state action that are important to the resolution of the questions at issue in this federal action. Accordingly, a declaratory judgment in this action would not encroach on state jurisdiction. Moreover, there is no risk of conflicting or inconsistent state and federal rulings since the same issues are not being litigated in both forums.

Finally, the Court is aware of no remedy other than a federal declaratory action that would necessarily be better or more effective in resolving this controversy. Accordingly, in its discretion, the Court accepts jurisdiction over this action.

**III. CONCLUSION.**

For all these reasons, the Court hereby ORDERS that the Motion to Dismiss or Remand (DE 5) is DENIED.

Dated this 17th day of September, 2010.

**Signed By:**
*Karen K. Caldwell*
**United States District Judge**