UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

CIVIL ACTION NO. 5:10-CV-44-KKC

PROGRESSIVE DIRECT INSURANCE COMPANY,　　　　　　　　　　PLAINTIFF

v.　　　　　　　　　　**OPINION AND ORDER**

KEILEY HARRISON and
PATSEY A. HURLEY, *Individually and
in her capacity as Administratrix of the Estate of
Archie Hurley*　　　　　　　　　　　　　　　　　　　　　　　　　DEFENDANTS

\*\*\*\*　\*\*\*\*　\*\*\*\*　\*\*\*\*

This matter is before the Court on the Motion for Entry of Default and Default Judgment (DE 10) filed by the Plaintiff Progressive Direct Insurance Company. In its motion, Progressive states that one of the two Defendants in this action, Keiley Harrison, has failed to answer the Complaint and, thus, Progressive is entitled to a default judgment against her. Because there are two defendants in this matter, however, the Court will deny the motion.

**I.　FACTS.**

On or about April 25, 2009, Keiley Harrison was driving a pickup truck when she was in a wreck with a vehicle driven by Archie Hurley and occupied by Patsey Hurley. Archie Hurley died as a result of the wreck. Patsey Hurley, acting individually and as the administratrix of Archie Hurley's estate, has filed a civil suit against Harrison in Kentucky state court alleging that Harrison's acts caused Archie Hurley's death. The Plaintiff Progressive Direct Insurance Company ("Progressive") alleges that, prior to the wreck, Harrison obtained insurance on the pickup truck from Progressive.

Progressive filed a Complaint for Declaratory Relief (DE 1) in this Court, naming as Defendants Harrison and Patsey A. Hurley, individually and in her capacity as Administratrix of the Estate of Archie Hurley. In its Complaint in this matter, Progressive charges that Harrison made misrepresentations in her application for insurance to Progressive and, therefore, the policy is void.

In the Complaint, Progressive asks the Court for a declaration that the policy is void and that Progressive's insurance coverage is limited to the statutory minimum of $25,000 per claim/$50,000 for the accident. Alternatively, Progressive asks for a declaration that Harrison is not an "insured person" under the policy and, thus, Progressive is not required to provide any coverage at all. It further asks for a judgment that Harrison must pay Progressive back for any amounts it has paid to any person or entity for claims arising out of the accident.

Neither Defendant has filed an answer to the Complaint. Defendant Hurley filed a Motion to Dismiss or Remand which was denied by the court on September 17, 2010. Progressive has moved for an entry of default and default judgment against Defendant Harrison.

## II. ANALYSIS.

Because Harrison has not pleaded or otherwise defended this action, the Clerk of the Court should enter Harrison's default. Fed. R. Civ. P. 55(a).

Progressive's motion for default judgment will, however, be denied. "When a default is entered against one defendant in a multi-defendant case, the preferred practice is for the court to withhold granting a default judgment until the trial of the action on the merits against the remaining defendants." *Kimberly v. Coastline Coal Corp.*, 857 F.2d 1474 at *3 (6th Cir. 1998)(citation omitted). *See also Progressive Direct Inc. Co. v. Lewis*, No. 08-215-JBC, 2009 WL 4016057, at * 1 (E.D. Ky. Nov. 19, 2009); *Liberty Mut. Ins. Co. v. Petit*, No. 2:09-cv-111, 2009 WL 3241670, at *2 (S.D. Ohio Oct. 1, 2009). The purpose of this practice is to avoid inconsistent results and

prejudice to the non-defaulting defendants. *See Progressive Direct*, 2009 WL 4016057, at *1.

Accordingly, the Court hereby ORDERS as follows:

1) the Clerk of the Court SHALL ENTER Harrison's Default in the record; and

2) Progressive's Motion for Default Judgment (DE 10) is DENIED without prejudice. Progressive may reassert the motion after the claims have been resolved against the nondefaulting defendant.

Dated this 1st day of November, 2010.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge